UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  07-20310-CIV-MORENO**

JAMES GONZALEZ,

      Plaintiff,

vs.

B U S I N E S S   R E P R E S E N T A T I O N
INTERNATIONAL, INC.,

      Defendant.

_____/

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

THIS CAUSE came before the Court upon Defendant's Motion for Sanctions **(D.E. No. 49)**,

filed on **January 16, 2008**.  While Defendant seeks a "default judgment" in its Motion, the Court

interprets it as a request for dismissal.

**I. BACKGROUND**

Plaintiff James Gonzalez brought this case against his former employer, Defendant Business

Representation International, Inc. ("BRI") alleging retaliation.  Plaintiff claims that he was not

allowed to return to work at BRI because he participated in another case before this Court, Pellon

v. Business Representation International, Inc., No. 06-22738-CIV-MORENO.  The plaintiffs in

Pellon alleged Fair Labor Standard Act violations by BRI, their employer.  On the other hand,

Defendant claims that Plaintiff's separation from employment with BRI was due to his failure to

obtain the requisite security clearance and his abandonment of his position.

Plaintiff seeks emotional distress damages in this case.  Accordingly, Defendant has sought

information pertaining to Plaintiff's mental health care treatment.  In his interrogatory responses,

Plaintiff identified only his psychiatrist, Dr. Antonio DeFilippo, as his mental health care provider. Defendant then requested that Plaintiff execute a customary Health Insurance Portability and Accountability Act ("HIPAA") release so that Defendant could obtain production of Plaintiff's psychiatric records. Plaintiff executed the release and Defendant received Plaintiff's patient file after serving Dr. DeFilippo with a subpoena *duces tecum*. The records indicated that Plaintiff had some history of psychological problems predating Defendant's alleged wrongdoing, and that Plaintiff had been on psychiatric medication for the treatment of anxiety and depression beginning in 1999.

Plaintiff's deposition was taken on November 28, 2007, wherein he was specifically asked about his interrogatory answer stating that Dr. DeFilippo was his only mental health care provider. Plaintiff again stated that no other mental healthcare professionals provided him with treatment. On December 12, 2007, the Court ordered Plaintiff to submit to an independent medical examination by a licensed psychiatrist, Dr. Barbara Stein. The Court also extended the discovery deadline to permit Defendant to conduct this examination and for expert witness disclosure and depositions related to Plaintiff's mental distress damages. Dr. DeFilippo was deposed on January 9, 2008 and testified that Plaintiff had also received psychotherapy from his associate, Dr. Theresa Potter, a family and marriage counselor. Dr. DeFilippo agreed, on the record and without objection from Plaintiff's counsel, to assemble and produce Dr. Potter's psychotherapy records for Defendant.

On January 11, 2008, Dr. DeFilippo's office informed Defendant's counsel that records of Dr. Potter's psychotherapy sessions with Plaintiff would not be produced because Plaintiff revoked his authorization for their release on January 10.

## II.  DEFENDANT'S MOTION AND PLAINTIFF'S REPLY

Defendant moves for sanctions, including the entry of "default judgment" (which the Court interprets as a request for dismissal) and an award of fees and costs.  Defendant argues that Plaintiff lied in his interrogatory answers by failing to disclose Dr. Potter when he was specifically asked about his mental health care providers.  Defendant argues that Plaintiff subsequently lied in his deposition regarding the same topic.  Defendant points out that Plaintiff testified falsely under oath once before in this case and recanted only when confronted with documentary evidence contradicting his testimony.  Finally, Defendant asserts that Plaintiff's revocation of the authorization releasing Dr. Potter's records was a further effort to obstruct access to relevant evidence.

Defendant submits that the information Plaintiff seeks to conceal is central to this case. Plaintiff is claiming more than $75,000 in emotional distress damages, which is the only significant element of damages.  Plaintiff was a part-time minimum wage employee who seldom worked in the 12-month period prior to his termination.  Moreover, Defendant has plead an after-acquired evidence defense related to Gonzalez's falsification of felony mail fraud convictions on both his job and security clearance applications.  Therefore, Defendant asserts that it has minimal exposure to front pay liability and injunctive relief.

Plaintiff submitted two replies to Defendant's Motion, filed before and after Plaintiff's counsel conferred with Plaintiff.  Plaintiff argues that Defendant should have discovered Dr. Potter through its own investigation.  Further, Plaintiff asserts that the prejudice caused by Plaintiff's actions (his omissions, misrepresentations, and revocation of medical records release authorization) is not as severe as Defendant alleges.  This is because Dr. Stein already had information sufficient to form her expert opinion on any emotional distress allegedly caused by Plaintiff's separation from

employment.  Plaintiff also argues that Plaintiff considered it sufficient to name only Dr. DeFilippo

since Dr. Potter was part of Dr. DeFilippo's office.  Finally, Plaintiff claims that Defendant's

attempts to obtain Plaintiff's sensitive information is "interfering with his treatment and causing him

serious mental distress."  Plaintiff's counsel notes that he did not advise his client to revoke his

medical records release authorization.


### III.  ANALYSIS

Sanctions under the federal courts' inherent power can include dismissal of the lawsuit.

Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991).  The Court's inherent power rests upon a finding

of bad faith and should be exercised "with restraint and discretion."  See Byrne v. Nezhat, 261 F.3d

1075, 1106 (11th Cir. 2001) (internal citations omitted).  In cases in which dismissal is appropriate,

such a severe sanction is not merely meant to penalize, but also to deter bad conduct during

discovery.  Nat'l Hockey League v. Metro. Hockey Club, Inc.,  427 U.S. 639, 643 (1976).  Parties

who offer evasive interrogatory answers and deposition testimony which omits relevant information

invite sanctions.  Long Mfg. N.C., Inc. v. Nichols Tractor Co., Inc., 561 F.2d 613, 617 (5th Cir.

1977); see also Fed. R. Civ. P. 37(a)(4).

Plaintiff omitted mention of Dr. Potter in both his interrogatory answers and his deposition.

Further, Plaintiff has not supplied sworn testimony that satisfactorily explains his failure to disclose

Dr. Potter to Defendant.  Plaintiff's unsworn statement that he felt that disclosing Dr. DeFilippo was

sufficient because Dr. Potter is Dr. DeFilippo's associate and "part of the same office" is not

persuasive.  Furthermore, because Plaintiff omitted mention of Dr. Potter's existence, Plaintiff's

argument that Defendant should have discovered Dr. Potter's records earlier is meritless.  Defendant

astutely points out that Plaintiff revoked authorization as soon as Defendant learned of Dr. Potter's identity, rendering the alleged opportunity to investigate Dr. Potter's records "illusory." (Def.'s Reply Mem. 6.)   Plaintiff does not refute Defendant's argument that Plaintiff revoked his authorization in order to obstruct Defendant's access to his psychotherapy records.

Plaintiff contends that a dismissal would be "unduly harsh" given that Plaintiff "cooperated" with the Court-ordered independent medical examination.  However, providing false information to an independent examiner, omitting the names of other examiners, denying prior treatment contrary to what is evident from the records, and revoking the release of his medical records is hardly evidence of "cooperation."

Plaintiff's unsworn statement to counsel that he withdrew authorization for the records because Defendant's attempts to obtain sensitive information was "interfering with [Plaintiff's] treatment and causing him serious mental distress" is evidence that Plaintiff is abandoning any relief for emotional distress.  Furthermore, his responses and actions show bad faith: Plaintiff obstructed – and continues to obstruct – access to discoverable evidence that could be central to the resolution of the case he brought before this Court.  At this time, the motion for attorney's fees and costs is **DENIED**.  However, it is

ADJUDGED that this case is **DISMISSED** without prejudice.  Further, it is

ADJUDGED that all pending motions are **DENIED** as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 19 day of February, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to: Counsel of Record